## No. 754

### COLUMBUS MUT. LIFE INS. CO. v. JORDAN

Ohio Appeals, 3rd District, Logan County
No. 669. Decided Feb. 3, 1923

This opinion has not been published except in Abstract.

269. NEW TRIAL.

If judgment has been reversed once on weight of evidence, a new trial cannot be granted on that ground—Waiver is a question of fact—Decisions where there is a conflict of evidence.

HUGHES, J.

Epitomized Opinion

This case was formerly before the court and the judgment was reversed at the other hearing and a new trial awarded for the reason that the verdict was against the evidence and for error in submitting to the jury the issue of waiver when it had not been made an issue by the pleadings. Jordan amended her pleadings and alleged that the Company had waived the provision that the policy shall not be in force if the premium is not paid in full a note is not accepted by the Company during e good health of the person until the policy is issued and delivered.

The evidence disclosed that the agent of the Company agreed to allow Jordan to pay for the policy as she could and that the agent would advance the payment within 30 to 60 days. Apparently (the opinion does not state) the insured died before the policy was issued or the premium paid. The jury returned a verdict for Jordan, and found that the insured was in good health when the insurance contract was completed. In affirming the judgment the Court of Appeals held:

1. Upon the issue of good health there was a scintilla of evidence to support the jury's finding for Jordan.

2. The judgment having been reversed once on the weight of the evidence, a new trial cannot now be granted upon that ground.

3. The issue of waiver was a question of fact to be determined by the court in place of the jury.

4. Where there is a conflict in the evidence the question as to whether reasonable minds might arrive at different conclusions from the facts and circumstances proved by it; in deciding it there was error.

Attorneys—Hamilton Brothers and J. M. Sheets, for Insurance Co.; J. A. Price and U. G. Hahn, for Jordan.

## No. 755

### MOMINGER v. MOMINGER et al

Ohio Appeals, 3rd District, Hardin County
No. 120. Decided Feb. 8, 1923

This opinion has not been published except in Abstract.

32. PARTITION.

Decree of will not be set aside on motion where it appears that the proceeding was regular and that the complaining party had due notice thereof.

ROWE, J.

Epitomized Opinion

This was an action in partition. After the decree partition of the real estate in question had been

entered a motion was filed by defendant to set it aside on the ground that the debts and claims against the real estate of the decedent had not been paid, and that it had not been proved that the personal property of the decedent was insufficient to pay the same. The court refused to hear any evidence on this motion. The record shows that the defendant had been duly served and that he had filed his election under the partition suit to take certain real estate. No objection or exception was moved in behalf of any parties, to the decree. Then the defendant filed the instant motion during the same term of court, but more than three days after the decree had been entered. Upon the court's refusal to hear this motion, the defendant prosecuted error. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the record does not disclose but that the defendant acquiesced in the decree, and as it is not asserted that he was not present or that he was prevented from being present, this reviewing court must presume that he knew of the action of the court, and he should not be permitted to challenge the decree at this time.

Attorneys—Henderson & Roof, for plaintiff in error; Stillings & Johnson and John H. Smick, for defendants in error.

## No. 756

### ZANE DEVELOPMENT SYND. v. KURTZ

### and DORMEYER

Ohio Appeals, 2nd District, Franklin County
No. 1083. Decided Sept. 20, 1923

This opinion has not been published except in Abstract.

PRACTICE.

Court Rules—Case will not be dismissed in all instances, where counsel failed to file brief in accordance with court rule.

BY THE COURT.

Epitomized Opinion

This was a hearing on a motion to dismiss a petition in error filed in the Court of Appeals for Franklin County, Ohio. Under Court Rule No. 8, plaintiff-in-error was required to file a brief in the Court of Appeals within a certain length of time. Upon failure of counsel to do this, a motion was filed by the defendant-in-error to dismiss the case. In overruling the motion, the Court of Appeals held:

1. In view of the importance of this case, the voluminous record and the situation of counsel, the delay of the brief of counsel for plaintiff-in-error was not so great as to warrant the court in dismissing the case under Rule No. 8.

Attorneys——Vorys, Seymour & Pease, for Zane Development Syndicate; Turner, Calland & Summers, for Kurtz and Dormeyer.